## City Income Tax on State Employes

RUTTER, Deputy Attorney General, January 29, 1940. —We have your letter of January 19, 1940, relating to the Income Tax Ordinance of the City of Philadelphia, approved December 13, 1939. This ordinance imposes an annual tax of 1½ percent on incomes earned after January 1, 1940, by residents of Philadelphia; on incomes of nonresidents of the city earned after said date for work done or services performed in the city; on the net profits earned after January 1, 1939, on businesses, professions, and other activities conducted by residents; and on the net profits earned after January 1, 1939, on businesses, professions, and other activities conducted in Philadelphia by nonresidents.

Section 4 of the ordinance requires employers within Philadelphia to deduct from salaries, wages, etc., paid to employes, at the time of payment, the tax imposed by the ordinance, and to pay said deducted tax to the city. The return made by the employer shall also contain the names and earnings of all his employes. The residence of the employer, under this section, appears to be immaterial; the test of his amenability to the ordinance seems to be whether or not he, within Philadelphia, employs anyone.

It is our understanding that the Department of the Auditor General employs at the Capitol residents of Philadelphia who are presumptively subject to this tax. It is also our impression that you appoint inheritance tax appraisers in the office of the Register of Wills of Philadelphia County (coterminous with the City of Philadelphia); mercantile tax appraisers in the office of the City Treasurer of Philadelphia; that these appraisers' salaries are set by you; but that said salaries are paid by the register and treasurer, respectively, out of inheritance taxes and mercantile taxes collected by and paid into said offices.

You inform us that the Receiver of Taxes of Philadelphia who, under the tax ordinance, is charged with enforcing the same, has written you stating that "it will . . . be necessary . . . to have the tax taken out at the

source" in the cases of: (1) Employes of the Department of the Auditor General who reside in Philadelphia; and (2) such employes who work in Philadelphia but do not live there.

You specifically ask to be advised what are your powers and duties under the subject ordinance:

1. In auditing payroll requisitions and drawing warrants thereon for the issuance of pay checks of employes of administrative departments, boards, and commissions of the Commonwealth, who reside in Philadelphia; and

2. In approving expenditures of the City Treasurer of Philadelphia and Register of Wills of Philadelphia County for salaries of employes appointed by you, or whose number and compensation are approved by you, and who assist in the assessment and collection of Commonwealth taxes by the treasurer and register.

The status of a municipality, such as the City of Philadelphia, is clearly expressed in Shirk v. Lancaster City, 313 Pa. 158, 162 (1933):

"Municipal corporations are creatures of the State, created, governed and abolished at its will. They are subordinate governmental agencies established for local convenience and in pursuance of public policy. The authority of the legislature over all their civil, political, or governmental powers is, in the nature of things, supreme, save as limited by the federal Constitution or that of the Commonwealth. . . . 'They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence. This is the universal rule of constitutional law, and in no state has it been more clearly expressed and more uniformly applied than in Pennsylvania.' "

It is thus quite clear that a municipal corporation cannot impose upon the sovereign, the Commonwealth, any duties or obligations unless the Commonwealth consents thereto. The creature of the State cannot dictate to its creator. The City of Philadelphia cannot compel the

Commonwealth, or any of its political subdivisions, administrative departments, boards, or commissions, to submit any data to the city relating to the names and salaries of their employes; or to deduct from such employes' pay any tax levied by Philadelphia.

It is equally clear that you need not approve any deductions by the Treasurer of Philadelphia or by the Register of Wills of Philadelphia County, for payments made by said officials out of salaries of employes appointed by you, or whose number and compensation are approved by you, for or on account of the subject tax. Such employes are State employes, whether they are paid directly by the Department of the Auditor General out of funds appropriated to it for such purpose, or whether they are paid out of moneys collected for the Commonwealth.

It is, therefore, our opinion, and you are accordingly advised:

1. In auditing payroll requisitions and drawing warrants thereon for the issuance of pay checks of employes of administrative departments, boards, and commissions of the Commonwealth, which employes reside in Philadelphia, you are under no legal duty or obligation to deduct, or to approve the deduction of, any moneys due from such employes to the City of Philadelphia for or on account of the income tax levied upon such employes by the Ordinance of the Council of the City of Philadelphia, approved December 13, 1939.

2. In approving expenditures by the Treasurer of the City of Philadelphia, and by the Register of Wills of Philadelphia County, for salaries of Commonwealth employes appointed by you, or whose number and compensation are fixed by you, you are under no legal duty or obligation to approve any deductions from said salaries by the treasurer or register, for payment, or on account of payment, of the tax levied upon such employes under the aforesaid ordinance.